IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK ATKINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY A. ROSEN, in his official capacity )<br>as Acting Attorney General of the United )<br>States, and )<br>REGINA LOMBARDO, in her official )<br>capacity as Deputy Director, Head of Agency,)<br>of the Bureau of Alcohol, Tobacco, Firearms )<br>and Explosives, )<br>)<br>Defendants. ) | Case No. 1:21 CV 291 |

## INITIAL STATUS REPORT

Plaintiff, PATRICK ATKINSON, by and through LAW FIRM OF DAVID G. SIGALE, P.C., his attorney, and complaining of the Defendants, JEFFREY A. ROSEN, in his official capacity as Acting Attorney General of the United States of America[1], and REGINA LOMBARDO, in her official capacity as Deputy Director, Head of Agency, of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"), states and alleges as follows:

1. <u>Type of Initial Status Report (*e.g.*, Joint or Individual)</u>. Plaintiff is filing an individual status report, as the Defendants have not yet filed an Appearance or otherwise contacted Plaintiff's counsel.

---

[1] Since the filing of this suit, Merrick Garland has become the United States Attorney General, and should be substituted automatically for Jeffrey A. Rosen as an official capacity Defendant in this matter.

    2.    <u>Service of Process</u>. Plaintiff has served both Defendants per F.R. Civ. P. 4(i)(2).

    3.    <u>Nature of the Case</u>.

        a.    *Counsel of Record*
            David G. Sigale (Atty. ID# 6238103)
            LAW FIRM OF DAVID G. SIGALE, P.C.
            430 West Roosevelt Road
            Wheaton, IL 60187
            630.452.4547
            dsigale@sigalelaw.com

        b.    *Basis for federal jurisdiction* - Federal Question/U.S. Const. Amend. II; 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

        c.    *Claims asserted in the complaint and any counterclaims or affirmative defenses* - Twenty-two years ago, Plaintiff was convicted of a non-violent financial felony, still his only violation of the law. He paid a fine, received two years of probation, which was ended a year early, with six months of home confinement. Due to the federal prohibition of felons ever legally possessing firearms in 18 U.S.C. § 922(g)(1), Plaintiff has been permanently and unconstitutionally deprived of his right to armed self-defense under the Second Amendment.

This action seeks equitable, declaratory, and injunctive relief challenging on an as-applied basis the application of 18 U.S.C. § 922(g)(1) to Plaintiff, who wishes to avail himself of the Second Amendment right as he is not a danger to himself, others, or the public.

d. *Major legal and factual issues anticipated in the case* - Whether 18 U.S.C. § 922(g)(1), which permanently prohibits nearly all felons—even those convicted of nonviolent crimes—from possessing firearms for self-defense, violates the Second Amendment, as applied to an individual convicted of playing a small part in a corporate recruiting scam twenty-two years ago.

e. *Type and calculation of damages and any other relief sought by Plaintiff* -
- A declaration that 18 U.S.C. § 922(g)(1) cannot be applied against Patrick Atkinson on account of his 1998 felony conviction under 26 U.S.C. § 7206(1);
- A declaration that application of 18 U.S.C. § 922(g)(1) against Patrick Atkinson, on account of his 1998 felony conviction under 26 U.S.C. § 7206(1), violates the Second Amendment to the United States Constitution;

3

- An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Patrick Atkinson on the basis of his 1998 felony conviction under 26 U.S.C. § 7206(1);
- Costs of suit;
- Attorney's Fees and Costs pursuant to 28 U.S.C. § 2412,

4. Pending Motions and Case Plan

   a. Identify all pending motions – None.

   b. *Proposal for Discovery and Case Management Plan:*

   (1) *The general type of discovery needed, including any potential electronic discovery or bifurcated discovery* – Plaintiff anticipates the legal issue of Second Amendment rights restoration will be initially addressed, per Seventh Circuit precedent on this issue. Following the resolution of that issue such that subsequent proceedings commence in this Court, Plaintiff anticipates disclosing witnesses as to Plaintiff's character and rehabilitation such that this Court should restore his Second Amendment rights.

(2) *Date for Rule 26(a)(1) disclosures* – Twenty-eight days following Defendants answering the Plaintiff's Complaint and/or the resolution of the issue of Second Amendment rights restoration as an available remedy.

(3) *Date to issue written discovery* – Twenty-eight days following the Rule 26(a)(1) disclosures.

(4) *The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois* - Unknown at this time.

(5) *The need for, and content of, any Health Insurance Portability and Accountability Act (HIPAA) waivers* – Unknown at this time.

(6) *Fact discovery completion date* – Six months from the beginning of discovery.

(7) *Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines*

*for expert disclosures and depositions)* – It is not anticipated that expert discovery will occur in this case.

(8) *A proposed date for the filing of dispositive motions (if any)* – thirty days following the close of discovery.

(9) *Tentative trial date* – Unknown at this time.

c. *Indicate whether a jury trial is requested and the probable length of trial* – A jury is not requested. Plaintiff anticipates a trial in this matter would last two days.

5. <u>Consent to Proceed Before a Magistrate Judge</u> – As Defendants have not answered the Complaint or otherwise communicated with Plaintiff's counsel, no discussions regarding a Magistrate Judge have taken place.

6. <u>Status of Settlement Discussions</u>

a. *Status of settlement discussions* - As Defendants have not answered the Complaint or otherwise communicated with Plaintiff's counsel, no discussions regarding settlement have taken place.

  b. *Whether the parties request a settlement conference* – Not at this time.


Dated:  April 2, 2021        /s/ David G. Sigale
                 Attorney for Plaintiff


David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com