IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MERRICK B. GARLAND, in his official | ) | No. 1:21 CV 291 |
| Capacity as Attorney General of the United | ) | |
| States, and STEVEN M. DETTLEBACH, | ) | |
| in his official capacity as Director of the | ) | |
| Bureau of Alcohol, Tobacco, Firearms | ) | |
| and Explosives, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, PATRICK ATKINSON, by and through LAW FIRM OF DAVID G. SIGALE, P.C., his attorney, and for his Amended Complaint against the Defendants, MERRICK B. GARLAND, in his official capacity as Attorney General of the United States of America, and STEVEN M. DETTLEBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE")[1], states and alleges as follows:

### INTRODUCTION

Twenty-five years ago, Plaintiff Patrick Atkinson ("Atkinson") unknowingly played a small part in a corporate recruiting scam, perpetrated by an employee in

---

[1] In Plaintiff's originally-filed Complaint, Jeffrey Rosen and Regina Lombardo, as Acting Attorney General and Deputy Director of BATFE, respectively, were the named Defendants. Pursuant to F.R. Civ. P. 25(d), the now-named Defendants, as the current holders of those offices, are substituted herein.

the recruiting department at a large Illinois company, and was convicted of a felony, still his only violation of the law. Atkinson paid a fine, received two years probation, which was ended a year early, with six months of home confinement. Due to the federal prohibition of felons ever legally possessing firearms in 18 U.S.C. § 922(g)(1), Atkinson has been permanently and unconstitutionally deprived of his right to armed self-defense under the Second Amendment.

This action seeks equitable, declaratory, and injunctive relief challenging on a facial and as-applied basis the application of 18 U.S.C. § 922(g)(1) to Atkinson as a non-violent and non-dangerous felon, who wishes to avail himself of the Second Amendment right.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

2. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

## PARTIES

3. Plaintiff, Patrick Atkinson, is a natural person residing in Glen Ellyn, Illinois. Atkinson is 65 years old. He is married with two grown children. Atkinson presently intends to obtain an Illinois Firearm Owners Identification Card ("FOID card"), pursuant to the Illinois Firearm Owners Identification Card Act, 430 ILCS 65/1, *et seq*, ("FOID Card Act") so that he may lawfully possess a firearm for self-

2

defense within his own home, and other lawful purposes such as range training, but is prevented from doing so only by Defendants' active enforcement of unconstitutional laws complained of in this action.

4. Defendant, Merrick B. Garland, is the Attorney General of the United States of America, and is sued only in his official capacity. As Attorney General, Garland is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

5. Defendant, Steven M. Dettlebach, is the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"), and is sued only in his official capacity. As Director of BATFE, Dettlebach is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

## STATEMENT OF FACTS

*Plaintiff's Background*

6. Patrick Atkinson is 65 years old and thus over the age of 21, is not under indictment, has never been convicted of a crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a

restraining order relating to an intimate partner. He is married with two grown children.

7. On October 16, 1998, Atkinson pleaded guilty to, and was convicted, in the Northern District of Illinois Case No. 1:98-CR-00730-03, of one count of frauds and swindles, in violation of 18 U.S.C. § 1341, a Class C felony. The facts underlying the conviction are as follows:

8. In 1998, Atkinson was an Executive Recruiter with his own company, Waterford Executive Group, which he opened in 1990. One of his clients, his co-Defendant (Zerba), was in the recruiting department at a large Illinois company that specialized in consultants and outsourcing. Atkinson would place actuaries and consultants at the company and receive a consulting fee.

9. In or around 1998, Zerba offered Atkinson a moonlighting job, where Zerba would find professional candidates, and Atkinson would place them with employers, and they would split the recruiting fee. This happened a couple of times without incident.

10. A few months later, Zerba sent Atkinson the resume of a recruiting candidate from Virginia. Atkinson tried to place the man in an executive position but could not. Eventually, Zerba told Atkinson he thought the man would be a good fit at his own company, and the man was hired. Atkinson believed he would keep the recruiting fee since the candidate was placed at Zerba's own company where Zerba worked as a recruiter. However, Zerba demanded half of the fee and Atkinson gave it to him.

11.     Soon thereafter, Zerba sent Atkinson another candidate for placement at Zerba's own company. Atkinson thought it seemed suspicious, and declined.

12.     Soon after that, Zerba called Atkinson and said that he (Zerba) had been fired over referrals and that the police were investigating. When U.S. Postal Inspectors contacted Atkinson, he cooperated fully. Atkinson learned that Zerba was masterminding the scheme with a number of other recruiters, and that Atkinson was unknowingly part of a "hub and spoke" operation, where Atkinson turned out to be just one of multiple spokes.

13.     For his share of one recruiting fee that totaled $6,000.00, Atkinson was sued by Zerba's employer for $150,000.00 for fraud, civil RICO violations, and conspiracy. Atkinson ultimately settled for $45,000.00, and spent $15,000.00 in legal fees.

14.     Atkinson was then charged with mail fraud (frauds and swindles) and quickly pleaded guilty. On February 24, 1999, Atkinson was sentenced to two years of probation with six months of home confinement, a fine of $15,000.00, and 200 hours of community service. He completed all his sentencing terms, and his probation was even terminated a year early, without objection from the Government, on March 7, 2000.

15.     Other than the above referenced offense, Atkinson has never been charged or convicted of any offense which makes him ineligible to possess firearms under 18 U.S.C. § 922(g), or state law, and but for the above referenced charge, no federal law would prohibit Atkinson's possession of firearms.

16.     Atkinson acknowledges that his behavior was wrong. While he did not set out to commit any criminal act, he knows he should have been more suspicious of the circumstances of the subject transaction, and should have walked away from a situation that did not feel right and was soon thereafter confirmed to be illegal.

17.     However, since that time, he owns two companies: Waterford Executive Group, the aforementioned executive recruiting firm; and Atkinson Ergonomic Solutions, Inc, which was formed in 2018, and which has created a device for lifting hotel beds for greater ease and efficiency of both making the beds and cleaning underneath them. Atkinson has not been convicted of any further offenses, including any crime of violence or threatened violence.

18.     Atkinson is a law-abiding citizen, and has been for several decades.

19.     However, owing to his felony conviction, Atkinson is permanently prohibited by Defendants from following through with his intent to obtain and possess a firearm for self-defense and other lawful purposes, based on Defendants' enforcement of 18 U.S.C. § 922(g)(1).

20.     Also owing to his felony conviction, Atkinson is unable to obtain an Illinois FOID card, pursuant to 430 ILCS 65/4(a)(2)(ii) and 65/8(c) and (n), and 65/10(c)(4). Once the federal prohibition is removed, however, the barrier to Atkinson applying for and ultimately receiving a FOID card will be removed.

21.     Atkinson refrains from possessing a firearm for self-defense and other lawful purposes only because he reasonably fears arrest, prosecution, incarceration

6

and fine pursuant to 18 U.S.C. § 922(g)(1), and 430 ILCS 65/14(c)(3), should he possess a firearm.

22. Atkinson has a fundamental right to keep and bear arms in the home for self-defense and for other lawful purposes, and this fundamental right is being violated facially and as-applied to Atkinson, who committed a non-violent felony 25 years ago.

23. Atkinson challenges the Defendants' ability to categorically prohibit him - as a non-violent felon - from possessing arms pursuant to 18 U.S.C. § 922(g)(1).

24. Additionally, in the alternative, and to the extent it is relevant under Second Amendment analysis, Atkinson challenges the constitutionality of categorically prohibiting him from possessing arms while at the same time affording him no opportunity, no matter the merits, short of a Presidential pardon, for an individualized assessment to show he is capable of safely and lawfully possessing arms, and thus restoring his civil rights.

## *Defendants' Regulatory Scheme*

### *Federal Law*

25. Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. *See* 18 U.S.C. § 924(a)(2).

26. Further, Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

27. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I –Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Per BATFE revisions effective August, 2023, Question 21(d) on Form 4473 asks:

> Have you ever been convicted in any court, including a military court, of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? (boldface in original)

28. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers yes to this question, and simply to deny the transaction on the basis of that answer:

> If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the NICS because the subject is prohibited from purchasing.

BATF FFL Newsletter, May, 2001, Issue I, at 14, available at

http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited October 8, 2023).

> If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

BATF FFL Newsletter, September 1999, Issue II, at 2, available at

https://www.atf.gov/firearms/docs/newsletter/federal-firearms-licensees-newsletter-september-1999/download (last visited October 8, 2023).

29. BATFE also instructs FFLs, in relevant part, that "[a] person has given you reason to believe he or she is prohibited, and the transaction must be stopped, if the person answers:

> "Yes" to a question on the ATF Form 4473 (5300.9) that asks:
>
> - "Are you under indictment or information in any court for a **felony**, or any other crime for which the judge could imprison you for more than one year, or are you a current member of the military who has been charged with violation(s) of the Uniform Code of Military Justice and whose charge(s) have been referred to a general court-martial?"
>
> - "Have you ever been convicted in any court, including a military court, of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?"

9

*See* https://www.atf.gov/firearms/federal-firearms-licensee-quick-reference-and-best-practices-guide (last visited October 8, 2023) (boldface in original).

*State Law*

30. Illinois prohibits the possession of firearms by any Illinois resident without a FOID card. *See* 430 ILCS 65/2(a)(1).

31. Illinois prohibits persons from obtaining a FOID card if the granting of same would be contrary to federal law, such as, in the instant case, if one has a felony conviction. *See* 430 ILCS 65/4(a)(2)(ii), 65/8(c) and (n), 65/10(c)(4).

32. Possession of a firearm by an Illinois resident without a FOID card, and who is not eligible to obtain a FOID card, is a Class C felony. *See* 430 ILCS 65/14(c)(3).

<u>COUNT I</u>
<u>RIGHT TO KEEP AND BEAR ARMS</u>
<u>(U.S. CONST. AMEND. II)</u>

33. The allegations of paragraphs 1 through 32 are incorporated as though fully set forth herein.

34. The Second Amendment to the United States Constitution provides: "A wellregulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

35. The Second Amendment is fully applicable to the States through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 750, 805–06 (2010); *id.* at 805 (Thomas, J., concurring).

36. Atkinson is one of "the people" who possesses Second Amendment rights, per *District of Columbia v. Heller*, 554 U.S. 570, 580-81 (2008). As such, pursuant to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), "the government now bears the burden of proof: it "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

37. The Supreme Court has therefore stated the test for addressing Second Amendment challenges: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30.

38. 18 U.S.C. § 922(g)(1) regulates Second Amendment conduct. Atkinson's request to possess a firearm to defend himself at home, and for other lawful purposes, squares exactly with the constitutional right as defined by *Heller*. 554 U.S. at 582 ("[T]he Second Amendment extends, *prima facie*, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding."). Therefore "the Second Amendment's plain text covers [Atkinson's desired] conduct," and "the Constitution presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2126.

39. The prohibition on Atkinson possessing firearms for self-defense, as imposed by 18 U.S.C. § 922(g)(1), is not consistent with the Nation's historical tradition of firearm regulation.

40. Defendants' enforcement of 18 U.S.C. § 922(g)(1) is an infringement and an impermissible burden on Atkinson's right to keep and bear arms for self-defense and other lawful purposes pursuant to the Second Amendment to the United States Constitution.

41. Defendants' enforcement of 18 U.S.C. § 922(g)(1) forces Atkinson either to comply with the unconstitutional mandate—thereby being prevented from exercising his rights under the Second Amendment to the United States Constitution—or be subjected to criminal prosecution.

42. Therefore, as a direct and proximate result of the above infringement and impermissible burden on Atkinson's Second Amendment rights, Atkinson has suffered—and continues to suffer—from an unlawful and irreparable deprivation of his fundamental constitutional right to keep and bear arms. Defendants have violated Atkinson's Second Amendment right to keep and bear arms by precluding him from being able to purchase or possess firearms for self-defense and other lawful purposes via the enforcement of 18 U.S.C. § 922(g)(1).

## COUNT II
## INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF - RIGHT TO KEEP AND BEAR ARMS
## (U.S. CONST. AMEND. II)

43. The allegations of paragraphs 1 through 42 are incorporated as though fully set forth herein.

44. Atkinson is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen. Atkinson is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

45. On account of Atkinson's unique personal circumstances, including but not limited to the nature of his felony conviction, the passage of time since that conviction, Atkinson's law-abiding record over the years, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, and to the extent such unique personal circumstances are relevant to the *Bruen* analysis, it is an unconstitutional violation of Atkinson's Second Amendment rights to apply the firearms prohibition of 18 U.S.C. § 922(g)(1) against Atkinson personally, solely on account of his 1998 fraud conviction.

46. To the extent Atkinson's unique personal circumstances are relevant to the *Bruen* analysis, Atkinson requests a hearing before the Court to demonstrate that he meets any required fact-based standard required by *Bruen* and the Second Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PATRICK ATKINSON, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, and declare and order the following forms of relief:

1. A declaration that application of 18 U.S.C. § 922(g)(1) against Patrick Atkinson, on account of his non-violent 1998 felony conviction under 26 U.S.C. § 7206(1), violates the Second Amendment to the United States Constitution;

2. A declaration that 18 U.S.C. § 922(g)(1) cannot be applied against Patrick Atkinson on account of his 1998 felony conviction under 26 U.S.C. § 7206(1);

3. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Patrick Atkinson on the basis of his 1998 felony conviction under 26 U.S.C. § 7206(1);

4. Costs of suit;

5. Attorney's Fees and Costs pursuant to 28 U.S.C. § 2412; and

      6.      Any other further relief as the Court deems just and appropriate.

Dated:   October 9, 2023                       /s/ David G. Sigale
                                                             Attorney for Plaintiff

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com