UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:21-cv-291 |
| MERRICK B. GARLAND, in his official | ) | |
| capacity as Attorney General of the United | ) | |
| States, and STEVEN DETTELBACH, in his | ) | |
| official capacity as Director of the Bureau of | ) | |
| Alcohol, Tobacco, Firearms and Explosives, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO STAY PROCEEDINGS**

Defendants respectfully request that the Court stay proceedings in the above-captioned litigation, pending action by the Supreme Court in the related matters of (1) *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, June 30, 2023, No. 22–915 (U.S.), and (2) *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), *pet. for cert. filed sub. nom. Garland v. Range*, Oct. 5, 2023, No. 23–374 (U.S.). The parties conferred, via counsel, and Plaintiff opposes this request.[1]

There is good cause to stay the instant case because any arguments and decision in this case will likely be affected by a ruling by the Supreme Court, expected during this term, in the *Rahimi* matter. In addition, if the Supreme Court grants certiorari on the en banc Third Circuit's decision in *Range*, its ruling would similarly impact this Court's consideration of Plaintiff's civil claims here. In support of this request, Defendants state the following.

---

[1] As part of the request to stay proceedings, Defendants request a stay of their deadline to respond to Plaintiff's Amended Complaint, currently due November 13, 2023. On this specific issue, Plaintiff states that he does not oppose a request to extend the answer deadline until the Supreme Court acts upon the Petition for a Writ of Certiorari in *Range*.

## I.    Background

### a.  Procedural History of this Matter

Plaintiff Patrick Atkinson filed this action on January 18, 2021, arguing that 18 U.S.C.

§ 922(g)(1) is unconstitutional as applied to him.  That law prohibits anyone convicted of "a crime

punishable by imprisonment for a term exceeding one year" from possessing a firearm. 18 U.S.C.

§ 922(g)(1).  Plaintiff was previously convicted of one count of mail fraud under 18 U.S.C. § 1341, a

felony punishable by a sentence of up to twenty years, rendering him ineligible to possess a firearm.

On March 15, 2022, the Court granted Defendants' Motion to Dismiss.  *See* ECF No. 14.

Plaintiff appealed to the Seventh Circuit and in the interim the Supreme Court decided *New

York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022).  The Seventh Circuit found that

development to be "significant because *Bruen* announced a new framework for analyzing restrictions

on the possession of firearms."  ECF No. 20 at 2.  In light of *Bruen*'s emphasis on the plain text of

the Second Amendment and the corresponding history of firearm regulation, the Seventh Circuit

remanded Plaintiff's case back to this Court "to undertake the *Bruen* analysis in the first instance."

*Id.*  Specifically, the Seventh Circuit posed "[s]everal interrelated and non-exhaustive questions" to

"help focus the proper analysis on remand[.]"  *Id.* at 10.  Among these questions, the Seventh Circuit

inquired whether "§ 922(g)(1) address[es] a 'general societal problem that has persisted since the

18th century," what "history tell[s] us about disarming those convicted of crimes generally and of

felonies in particular," and whether analogous laws "supply enough of a historical tradition . . . to

support § 922(g)(1)[.]"  *Id.* 10-11.

Following remand and pursuant to the schedule entered by the Court, Plaintiff filed an

Amended Complaint on October 9, 2023, and Defendants' response to the Amended Complaint is

currently due on November 13, 2023.  ECF No. 25-26.  The Amended Complaint appears to claim

both that 18 U.S.C. 922(g)(1) is facially unconstitutional under the Second Amendment, and as

applied to Plaintiff. ECF No. 26 at 12-13.

> **b. Cases Pending Before the Supreme Court**

There are at least two cases currently pending before the Supreme Court, which will likely affect the disposition of this matter. Looking first to *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), a federal grand jury indicted Zackey Rahimi for violating 18 U.S.C. § 922(g)(8), which prohibits individuals subject to certain domestic violence protective orders from possessing a firearm. Rahimi moved to dismiss the indictment, arguing that § 922(g)(8) facially violates the Second Amendment. The district court denied the motion.

After initially affirming, the Fifth Circuit Court of Appeals ultimately reversed. *Rahimi*, 61 F.4th 443. Applying *Bruen*'s historical-analogue standard, the court reasoned that the government could not show that a ban on the possession of a firearm by one subject to a domestic violence restraining order was consistent with the nation's historical tradition of regulating firearms, making § 922(g)(8) facially unconstitutional. *Id.* at 460. The government filed a Petition for a Writ of Certiorari with the Supreme Court, which the Court granted. *See United States v. Rahimi*, No. 22–915 (U.S.). Oral argument in the matter is scheduled for November 7, 2023, and the Supreme Court will most likely issue a decision by the end of its current term.

Next, with respect to *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), Bryan Range sued the Attorney General and the Director of ATF, seeking a declaration that § 922(g)(1) violates the Second Amendment as applied to him, based on his prior conviction for making a false statement to obtain food stamps in violation of Pennsylvania law, 62 Pa. Stat. § 481(a). The district court granted summary judgment in favor of the government under then-existing Third Circuit precedent. *Range v. Lombardo*, 557 F.Supp.3d 609, 611–16 (E.D. Pa. 2021).

Range appealed, and while his appeal was pending, the Supreme Court decided *Bruen*. A panel of the Third Circuit Court of Appeals subsequently affirmed the district court's summary judgment

for the government. *Range v. Att'y Gen.*, 53 F.4th 262, 266 (3d Cir. 2022). However, Range then petitioned for rehearing en banc, which the court granted. 56 F.4th 992 (3d Cir. 2023). The en banc court then reversed. 69 F.4th 96. It concluded that the government had not shown that applying § 922(g)(1) to Range is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 103. Although the court described its decision as "narrow" and stated that it had held § 922(g)(1) unconstitutional only as applied to "people like Range," it neither specified which of Range's circumstances were relevant its decision nor otherwise attempted to define the scope of its holding. *Id.* at 106.

On October 5, 2023, the government filed a Petition for a Writ of Certiorari with the Supreme Court, asking that the Court hold the petition pending its decision in *Rahimi*, and then dispose of the petition as appropriate. *See Garland v. Range*, No. 23–374 (U.S.). The Petition is set for distribution at the Court's conference of November 17, 2023.

## II.     Legal Standard

This Court has broad discretion to control its docket, including the power to stay proceedings. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Courts in this circuit evaluate "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *See Bell v. SDH Servs. W., LLC*, No. 20 C 3181, 2020 WL 9812014, at *1 (N.D. Ill. Aug. 27, 2020).

## III. Argument

The Court should exercise its broad discretion to stay this matter pending action by the Supreme Court in the related *Rahimi* and *Range* matters.

*First*, and most importantly, a stay would streamline the proceedings by aiding the Court's resolution of the issues and promoting judicial economy. The decisions by the Supreme Court during its current term about the constitutionality of § 922(g)(8), as well as any action taken in connection with the United States' pending certiorari petition concerning the constitutionality of § 922(g)(1) (the provision at issue here), will likely provide guidance to this Court. *Accord Crosetto v. Heffernan*, No. 88 C 433, 1990 WL 32310, at *2 (N.D. Ill. Feb. 22, 1990) (granting stay pending Supreme Court resolution in related case because "there is more than mere speculation . . . that many of the questions directly in issue in the instant lawsuit may be addressed by the Supreme Court").

For instance, the parties' briefing in *Rahimi* focused on a substantial disagreement as to how courts should apply "*Bruen's* Analytical Framework," such as which historical laws and other sources are relevant to the interpretive inquiry, from which period, what types of persons were traditionally disarmed, and who may be disarmed today. *See* Ex. A at 2-12. The Supreme Court's resolution of these key issues is plainly relevant to the historical analysis suggested by the Seventh Circuit in this matter. And the Government's Petition for a Writ of Certiorari in *Range* addresses many of the same subjects facing the Court in *Rahimi*. *See* Ex. B at 11-19 (arguing that "Text, history, and tradition confirm that Congress may disarm felons").

Given the clear and indeed critical relevance of these matters to the instant case, this Court should stay proceedings pending the Supreme Court's disposition of *Rahimi* and *Range*. *See, e.g., Gallardo v. Dep't Stores Nat'l Bank*, 2020 WL 12991003, *2 (C.D. Cal. Oct. 2, 2020) (staying case pending decision by the Supreme Court in related case); *Borden v. eFinancial, LLC*, 2020 WL 7324815, *2 (W.D. Wash. Oct. 16, 2020) (same). Of note, multiple courts have already issued similar stays in Second

Amendment challenges, to await action by the Supreme Court. For instance, in *U.S. v. Collette*, Doc. 57, No. 22-510 (5th Cir.), the Fifth Circuit *sua sponte* stayed the appeal in a § 922(g)(1) case pending *Rahimi*, and in *Manosis v. Garland*, Doc. 8, No. 2:23-cv-3218, (E.D. Pa.), the District Court for the Eastern District of Pennsylvania stayed a § 922(g)(1) challenge pending action in *Rahimi*, *Range*, and *United States v. Daniels*, No. 23–376 (U.S.).[2]

*Second*, a stay here would reduce the burden of litigation on the parties and the Court. Pursuing motions practice and other proceedings at this time, despite uncertainty over legal issues that may be decided in a matter of months by the Supreme Court, would be both inefficient and wasteful. *See, e.g.*, *Gallardo*, 2020 WL 12991003 at *2; *Borden*, 2020 WL 7324815 at *2. It would make little sense for the parties to engage in lengthy and complex briefing regarding historical firearm regulation, and for the Court to adjudicate such issues, when the Supreme Court is likely to address one or more similar disputes and clarify the framework for such inquiry in the near future. *See Garcia v. Quicken Loans, Inc.*, No. 20-CV-03168, 2020 WL 11269900, at *1 (N.D. Ill. Dec. 8, 2020) (granting motion to stay pending Supreme Court disposition of related case "[b]ecause . . . waiting for the Supreme Court's decision may save all parties considerable time, effort, and expense").

*Finally*, the requested stay will not prejudice or otherwise disadvantage Plaintiff. Apart from Defendants' deadline to respond to the Amended Complaint and a conference scheduled for November 28, 2023, there are no other deadlines that would be affected by a stay here. Moreover, Plaintiff has not sought any expedited or preliminary relief, and in any event a stay would likely not be lengthy. The Supreme Court has scheduled *Rahimi* for oral argument on November 7, 2023, with a decision likely before the end of the term in June 2024. *See, e.g.*, *Boise v. ACE USA, Inc.*, 2015 WL 4077433, *6 (S.D. Fla. July 6, 2015) (because a related Supreme Court decision was "imminent within

---

[2] *Daniels* involves a challenge to § 922(g)(3), which prohibits "unlawful users" of a controlled substance from possessing firearms. The Fifth Circuit held that the statute violates the Second Amendment, *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), and the Government filed a Petition for a Writ of Certiorari on October 5, 2023. No. 23–376 (U.S.).

a year," a "moderate delay here will free up judicial resources without any unfair prejudice or burden

on the Plaintiff."). And if the Supreme Court were to grant certiorari and either remand or conduct

plenary review in *Range*, those dispositions may likewise affect the resolution of this case. *See also Tel.*

*Sci. Corp. v. Asset Recovery Sols., LLC*, No. 15 C 5182, 2016 WL 47916, at *5 (N.D. Ill. Jan. 5, 2016)

(granting stay pending resolution of related case before Supreme Court, as "issuance of a stay at this

stage is the most prudent approach and will not prejudice [plaintiff], but will allow the case to proceed

with the directly applicable guidance of the Supreme Court").

For all these reasons, the Court should stay this matter, pending resolution of *Rahimi* and

*Range*.

Dated: November 2, 2023          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY R. FARBY
Assistant Branch Director

*/s/ Michael Drezner*
Michael Drezner
VA Bar No. 83836
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-4505
Email: Michael.L.Drezner@usdoj.gov

*Attorney for Defendants*