IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 C 291 |
| | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | |
| PAMELA BONDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Patrick Atkinson, a convicted felon, sues the Attorney General of the United States and the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, challenging the constitutionality of 18 U.S.C. § 922(g)(1), both facially and as applied to him. *See* [26]. Defendants move to dismiss, [40], and, for the reasons explained below, the Court grants the motion.

**I.     Factual Background & Procedural History**

On October 16, 1998, Plaintiff Patrick Atkinson pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341, a Class C felony, punishable by a sentence of up to twenty years. [26] at ¶ 7; 18 U.S.C. § 1341. Judge Leinenweber sentenced Atkinson to two years of probation, with six months of home confinement, and ordered him to pay a $15,000.00 fine and perform 200 hours of community service. [26] at ¶ 14; *United States v. Zerba, et al.*, 1:98-cr-00730, [27] (N.D. Ill. Feb. 24, 1999). He completed all his sentencing terms, and, on March 7, 2000, Judge Leinenweber granted his request for early termination of probation, without objection. [26] at ¶ 14,

*United States v. Zerba, et al.*, 1:98-cr-00730 [37] (N.D. Ill. Feb. 24, 1999). Since completing his sentence, Atkinson has never been charged with, or convicted of, any other offense that would implicate § 922(g)(1). [26] at ¶ 15.

Atkinson initially sued on January 18, 2021, asserting a single claim challenging the constitutionality of § 922(g)(1) as applied to him, *see* [1]. Defendants moved to dismiss, arguing that his claim remained foreclosed under binding precedent, *see* [6], and the Court agreed, *see* [13], [14]. The Court thus granted Defendants' motion, dismissed the claim and the case with prejudice (because amendment would have been futile in light of that binding precedent), and entered judgment on March 15, 2022. *See* [13], [14], [15]. Atkinson filed his notice of appeal on April 5, 2022, [16].

Two months later, on June 23, 2022, the United States Supreme Court decided *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), which "announced a new framework for analyzing restrictions on the possession of firearms." *Atkinson v. Garland*, 70 F.4th 1018, 1019 (7th Cir. 2023). As a result, because the parties' briefs on appeal "only scratched the surface of the historical analysis now required by *Bruen*," the panel remanded the matter to allow this Court "to undertake the *Bruen* analysis in the first instance." *Id.* at 1020 (cleaned up).

On remand, Atkinson amended his complaint to make both a facial challenge and an as-applied challenge to § 922(g)(1). *See* [26]. Plaintiff alleges that the prohibition on convicted felons possessing firearms for self-defense, as imposed by § 922(g)(1), is not consistent with the Nation's historical tradition of firearm regulation,

2

and that enforcement of § 922(g)(1) constitutes an infringement upon his right to keep and bear arms under the Second Amendment, [26] ¶¶ 34–41. He also claims that § 922(g)(1) remains unconstitutional as applied to him, *id.* ¶¶ 44–46. Defendants again move to dismiss, *see* [40], arguing that his claims fail as a matter of law, [40-1]. Analyzing Atkinson's claims utilizing the new framework announced in *Bruen*, the Court now grants Defendants' renewed motion and dismisses Atkinson's claims.

## II. Applicable Legal Standards

To survive a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the complaint must include sufficient factual allegations to show a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, *id.*, the facts in the complaint must present a claim that rises "above the speculative level." *Id.* at 545. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot by themselves satisfy Rule 8's requirement that the complaint show the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering whether the complaint demonstrates a plausible right to relief, the Court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In contrast, "legal conclusions and conclusory allegations" are not entitled to this "presumption of truth" and should not be considered when deciding on a motion to dismiss. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th

Cir. 2011). If the Court finds, after eliminating any legal conclusions and considering only the plaintiff's factual allegations, that the complaint does not show a plausible right to relief, then the moving party's motion to dismiss should be granted. *Iqbal*, 556 U.S. at 679.

## III. Discussion & Analysis

### A. The Second Amendment and the Impact of *Bruen*

The Second Amendment provides that, a "well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). Courts, including the Supreme Court, have long upheld statutory restrictions, like 18 U.S.C. § 922(g)(1), on the possession of firearms by convicted felons. Plaintiff, like many convicted felons recently, argues that *Bruen* made such restrictions unconstitutional. *See* [52].

Nevertheless, both the Supreme Court and the Seventh Circuit have held that *Bruen* does not disturb the Supreme Court's prior decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), affirming longstanding prohibitions on the possession of firearms by felons. *See United States v. Rahimi*, 602 U.S. 680, 699 (2024); *United States v. Gay*, 98 F.4th 832, 846 (7th Cir.

4

2024). Indeed, in deciding *Bruen*, several justices explicitly affirmed this limitation. *See Bruen,* 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 80–81 (Kavanaugh, J., joined by the Chief Justice, concurring) (endorsing statement in *Heller* about the propriety of "longstanding prohibitions on the possession of firearms by felons"); *see also id.* at 129 (Breyer, J., joined by Sotomayor J. and Kagan, J., dissenting) (agreeing with Justice Kavanaugh that Court's decision in *Bruen* casts "no doubt" on *Heller*'s prohibition of firearms possession by felons).

Moreover, the Court in *Bruen* did not mention § 922(g)(1) (or any other criminal statute), let alone invalidate it. Rather, *Bruen* considered only the applicable framework for assessing challenges to firearm regulations under the Second Amendment, rejecting the "two-part approach" that had been developed by some federal courts of appeals in evaluating such challenges in favor of one that "centers on the constitutional text and history." 597 U.S. at 19–25. Even under the historical text approach set out in *Bruen*, however, Atkinson's claim remains contrary to controlling precedent and thus fails as a matter of law, as explained below.

## B. Atkinson's Facial Challenge Fails Under *Bruen*'s Framework

### 1. Controlling Case Law Confirms § 922(g)(1)'s Constitutionality

Binding precedent forecloses any facial invalidation of § 922(g)(1) under the Second Amendment.[1] As the Seventh Circuit held in *United States v. Gay*, such an "argument is hard to square with *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)," which affirmed "that the Second Amendment creates personal rights" and "pointedly stated that 'longstanding prohibitions on the possession of firearms by felons' are valid." 98 F.4th 843 (7th Cir. 2024). In fact, in *McDonald v. Chicago*, the Supreme Court reiterated that all of the reservations and provisos in *Heller*, including the "prohibitions on the possession of firearms by felons," remain valid. 561 U.S. 742, 786 (2010) (plurality opinion). If any doubt remained about *Heller*'s endorsement of § 922(g)(1)'s constitutionality post-*Bruen*, the Seventh Circuit resolved such uncertainty in *Gay*.

In the absence of any definitive invalidation of § 922(g)(1) by the Supreme Court itself, *Bruen* does not undermine the constitutionality of the statute. *See Bruen*, 597 U.S. at 72 ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed

---

[1] As part of today's ruling, this Court assumes, for the sake of the motion, that convicted felons constitute part of the "people" under the plain text of the Second Amendment. *See United States v. Phillips*, No. 1:22-CR-00596, 2023 WL 9001124, at *6 (N.D. Ill. Dec. 28, 2023) (The "plain text of the Second Amendment" provides "no reason to think that the word 'people' does not cover, on its face, all persons—including a person convicted of a felony."); *United States v. Duarte*, 137 F.4th 743, 755 (9th Cir. 2025) ("Duarte's status as a felon does not remove him from the ambit of the Second Amendment; he is one of 'the people' who enjoys Second Amendment rights.").

anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns.") (Alito, J., concurring); *id.* at 80–81 (endorsing the statement in *Heller* about the propriety of denying firearms to felons) (Kavanaugh, J., joined by the Chief Justice, concurring).

Indeed, in *United States v. Rahimi*, the Supreme Court again endorsed the presumptive constitutionality of a blanket prohibition on felons possessing firearms. 602 U.S. 680, 699 (2024) ("*Heller* never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, our opinion stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'"). As numerous courts have observed, *Rahimi* reinforces the conclusion that § 922(g)(1) remains consistent with the Second Amendment. *See, e.g., United States v. Castillo,* No. 23 CR 113, 2025 WL 92565, at *4 (N.D. Ill. Jan. 14, 2025) ("The *Gay* Court wrote that the Supreme Court 'pointedly stated that longstanding prohibitions on the possession of firearms by felons are valid.' *Rahimi* made the same point."); *United States v. Young*, No. 23-10464, 2024 WL 3466607, at *9 (11th Cir. July 19, 2024), *cert. denied sub nom. Young v. United States*, 145 S. Ct. 1097 (2025) (observing that in *Rahimi*, the Court once again declared that the prohibition on the possession of firearms by felons remains "presumptively lawful"); *United States v. Philpot*, No. 23-3368, 2024 WL 3429177, at *7 n.2 (6th Cir. July 16, 2024) (observing that, in *Rahimi*, the Supreme Court endorsed § 922(g)'s constitutionality).

7

Further bolstering the notion that § 922(g)(1) remains constitutional post-*Bruen*, the Supreme Court also vacated the Third Circuit's decision in *Range v. Att'y Gen. United States of Am.,* 69 F.4th 96 (3d Cir. 2023), which found § 922(g)(1) unconstitutional as applied to a defendant whose criminal record included just a decades-old non-violent offense, and remanded the matter for further consideration in light of *Rahimi*. *See Garland v. Range*, 144 S.Ct. 2706 (2024).

In short*,* as *Rahimi, Gay,* and numerous other cases make clear, *Bruen* merely alters the relevant test for determining the scope of the Second Amendment but leaves intact prior binding case law upholding the constitutionality of § 922(g)(1). *See Gay,* 98 F.4th 843; *Rahimi*, 602 U.S. at 699.[2]

### 2. Historical Analysis Confirms § 922(g)(1)'s Constitutionality

Prior to *Gay*, the Seventh Circuit in this case declined to rule on the constitutionality of § 922(g)(1) under the *Bruen* standard, pending a "proper, fulsome analysis of the historical tradition supporting § 922(g)(1)" by this Court. *Atkinson*, 70 F.4th at 1022; *see also United States v. Jones*, No. 23-2459, 2024 WL 1427024, at *2 (7th Cir. Apr. 3, 2024) (acknowledging that "the historical assessment on the constitutionality" of § 922(g)(1) under *Bruen* remained "inconclusive" after *Atkinson)*. Given *Gay*'s more recent (and binding) analysis of Supreme Court precedent,

---

[2] Just last month, the Seventh Circuit upheld the validity of another section of the challenged statute, § 922(k), confirming that *Bruen* altered the analysis but did not invalidate all categorical prohibitions on certain types of firearms possession. *See United States v. Reyna*, No. 23-1231, 2026 WL 221850, at *7 (7th Cir. Jan. 28, 2026) (finding that the statute, which punishes the knowing possession of deserialized firearms, remains consistent with the historical tradition of firearm regulation).

8

however, an additional review by this Court of the historical evidence now appears unnecessary in this case.

Nevertheless, to the degree a separate historical analysis may be necessary in a post-*Gay* world, this Court finds that Defendants have presented historical evidence (not factually disputed by the parties) and carried their burden of answering the questions spelled out by the Court of Appeals.[3] *See* [40-1] at 25–38, 42–44. Based upon the record here, this Court adopts the well-reasoned historical review and legal analysis of Circuit Court Judge Wood in her dissent, 70 F.4th at 1025 ("My own assessment of the materials that now govern Second Amendment questions per *Bruen* convinces me that the categorical prohibition created by section 922(g)(1) passes muster under the Constitution.").[4]

---

[3] On appeal, the majority identified five questions to "help focus the proper analysis" in determining whether the statute is "consistent with this Nation's historical tradition of firearm regulation" under *Bruen*. 70 F.4th at 1023–24. Nonetheless, it acknowledged that any trial court's historical analysis would "no doubt yield some measure of indeterminacy" and that, prior to receiving additional Supreme Court guidance, the courts would "have to give the best answer available" on whether the government met its historical-tradition burden. *Id.* at 1024. The Court finds that Defendants have met their burden in this regard here.

[4] Likewise, this Court incorporates by reference both the historical review and interpretation of Supreme Court precedent that has arisen from other persuasive authorities, each upholding the constitutionality of § 922(g)(1). *See, e.g., United States v. Jackson*, 69 F.4th 495, 505–06 (8th Cir. 2023) ("In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons. Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that the statute is constitutional as applied to Jackson."); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) ("The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss."); *United States v. Whitney*, No. 22-10326, 2024 WL 1429461, at *2 (9th Cir. Apr. 3, 2024) ("Nothing in the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), reflects a retreat from the Court's earlier statement in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that 'longstanding prohibitions on the possession of firearms by felons and the mentally ill' are 'presumptively lawful.'"); *Vincent v. Garland*, 80 F.4th 1197, 1201 (10th Cir.

### C. Atkinson's As-Applied Challenge Also Fails

In addition to challenging § 922(g)(1) on its face, Mr. Atkinson claims that § 922(g)(1) remains unconstitutional as applied to him. *See* [26] at ¶¶ 43–46. As instructed, the Court thus considers the final question set forth by the majority on appeal: "If history supports Atkinson's call for individualized assessments or for a distinction between violent and non-violent felonies, how do we define a non-violent or a non-dangerous felony?" 70 F.4th at 1024.

Given this Court's constitutional analysis above, the historical evidence obviates the need for the case-by-case examination Atkinson requests. In other words, the answer to question five is that history does not support Atkinson's call for individualized assessments or for a distinction between violent and non-violent felonies. *See, e.g., United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) ("Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."); *Atkinson*, 70 F.4th at 1027 (Wood, J., dissenting) (suggesting that enabling individuals to seek to establish a case-specific exemption from a generally applicable criminal law would create "an arbitrary patchwork of

---

2023) ("Though *Bruen* created a new test for determining the scope of the Second Amendment, the Court didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons. If anything, *Bruen* contains two potential signs of support for these prohibitions."); *United States v. Dubois*, 94 F.4th 1284, 1292–93 (11th Cir. 2024) ("The Supreme Court left no doubt that it viewed its decision as a faithful application of *Heller*, not a departure from it," confirming "that *Heller* correctly 'relied on the historical understanding of the Amendment to demark the limits on the exercise of that right.'"); *United States v. Phillips*, No. 1:22-CR-00596, 2023 WL 9001124, at *14 (N.D. Ill. Dec. 28, 2023) (The "historical analogues provided by the government support a legislative authority to disarm persons convicted of felonies, regardless of whether the conviction involved a use (or attempted use) of force.").

decisions—as far from the rule of law as one could image"); *United States v. Phillips*, No. 22-CR-00596, 2023 WL 9001124, at *14 (N.D. Ill. Dec. 28, 2023) ("Lastly, to the extent Phillips challenges the felon dispossession statute, as applied to him, that challenge fails. Like Atkinson, Phillips fails to provide 'much historical basis for individualized assessments' or carveouts between 'individuals who committed violent versus non-violent crimes' for § 922(g)(1) purposes.") (citing *Atkinson*, 70 F.4th at 1023); *United States v. Duarte*, 137 F.4th 743, 761 (9th Cir. 2025) ("our historical tradition of categorically disarming those whom the legislature determines to represent a 'special danger of misuse' also supports the application of § 922(g)(1) to felons, like Duarte, who assert that their felonies were non-violent"); *id.* ("History does not require 'felony-by-felony litigation' to support the application of § 922(g)(1) to all felons.") (citing *Atkinson*, 70 F.4th at 1038 (Wood, J., dissenting)).

Thus, while Defendants "bear the burden of proving the constitutionality" of § 922(g)(1), *Bruen*, 597 U.S. at 24 (quoting *United States v. Playboy Entertainment Grp., Inc.*, 529 U.S. 803, 816 (2000), they can meet that burden, based upon this historical evidence, without delving into the individualized assessment Plaintiff's as-applied challenge demands. *See, e.g., United States v. Young*, No. 2:22-CR-20 JD, 2023 WL 8697936, at *2–3 (N.D. Ind. Dec. 15, 2023) (The "historical record shows strong support for the ability to categorically prohibit a defined group from possessing arms based on the legislature's assessment the group was dangerous or untrustworthy, without individual dangerousness assessments of group members."); *United States v. Barwicks*, No. 20 CR 00563, 2024 WL 1521473, at *13–14 (N.D. Ill.

11

Apr. 8, 2024) (same); *United States v. Castillo*, No. 23 CR 113, 2025 WL 92565, at *6 (N.D. Ill. Jan. 14, 2025) (rejecting the defendant's as-applied challenge to § 922(g)(1) because the Seventh Circuit has never upheld an as-applied Second Amendment challenge to § 922(g)(1); the defendant offered no "support for his proposition that the statute's constitutionality turns on individualized assessments" and "the historical evidence points to an opposite conclusion—laws in American colonies and 17th-century England suggest that felons, both violent and non-violent, were targeted for firearm dispossession."). Thus, neither the Supreme Court nor the Seventh Circuit has endorsed the individualized assessment Mr. Atkinson seeks.[5]

To be clear, the Seventh Circuit has not yet definitively ruled upon the issue,[6] but several Circuit Courts have, in fact, rejected the notion that convicted felons whose predicate offenses were "non-violent" remain constitutionally exempt from § 922(g)(1)'s blanket ban on felons possessing firearms. In *United States v. Hunt*, 123

---

[5] In her dissent in *Kanter v. Barr*, then Circuit Judge Barrett observed that § 922(g)(1) "would stand on solid footing if their categorical bans were tailored to serve the governments' undeniably compelling interest in protecting the public from gun violence. But their dispossession of all felons—both violent and nonviolent—is unconstitutional as applied to Kanter, who was convicted of mail fraud for falsely representing that his company's therapeutic shoe inserts were Medicare-approved and billing Medicare accordingly." 919 F.3d 437, 451 (7th Cir. 2019), *abrogated by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). But the majority opinion (binding here) rejected that view, observing instead that there "may be a case in the future that requires addressing whether any individual may successfully bring an as-applied challenge to the statute, but Kanter's is not that case." *Kanter*, 919 F.3d at 450 n.12.

[6] In *United States v. Carbajal-Flores*, 143 F.4th 877, 889 (7th Cir. 2025), the Seventh Circuit expressed "no views on whether criminal defendants may lodge as-applied challenges" to certain provisions of § 922(g)'s subsections." Although the court observed that "the class of persons disarmed under § 922(g)(1) is potentially overinclusive," i*d.* at *9, it neither conducted an historical review, nor provided any analysis on that question because the plaintiff in that case brought facial and as-applied challenges to § 922(g)(5)(A), which the court wholly rejected. *Carbajal-Flores* thus merely identifies, without resolving, the question Atkinson presents, and this Court remains convinced by the weight of circuit authority, discussed herein, affirming the validity of § 922(g)(1)'s application to non-violent felons based upon long-standing regulatory practice in American law.

F.4th 697 (4th Cir. 2024), the Fourth Circuit identified a historical tradition of regulating gun possession by non-violent criminal offenders because "colonial-era offenders who committed non-violent hunting offenses were ordered to forfeit their firearms," and colonial governments disarmed individuals for non-violent offenses such as refusing to participate in the Church of England or refusing to declare an oath of loyalty. *Id.* at 705–706. In fact, the Fourth Circuit held that, in that Circuit, a person convicted of *any* felony "cannot make out a successful as-applied challenge to § 922(g)(1) unless the felony is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful." *Id.* at 700.

Similarly, the Eighth Circuit has determined that "history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society," and thus held that, even post-*Bruen* and *Rahimi*, "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *United States v. Jackson*, 110 F.4th 1120, 1125, 1128 (8th Cir. 2024); *see also United States v. Peck*, 131 F.4th 629, 632 (8th Cir. 2025) (same).

As part of a growing consensus, the Tenth Circuit has likewise held that, post-*Bruen* and *Rahimi*, § 922(g) remains constitutional, whether as applied to felons who committed violent crimes or to felons who committed non-violent crimes. In *United States v. Warner*, 131 F.4th 1137 (10th Cir. 2025), the defendant argued that the Second Amendment prohibits the application of § 922(g)(1) to non-violent felons like him, because non-violent felons are not dangerous and therefore retain the same right

13

to keep and bear arms as do non-felons. The defendant, like Mr. Atkinson here, emphasized that his felonies, non-violent to begin with, stemmed from decades-old convictions, and did not subject him to a term of imprisonment (he also argued, unlike Mr. Atkinson, that his felonies would today be treated only as a misdemeanor under state law). *Id.* at 1147. The Tenth Circuit rejected the challenge, holding that, despite "the shifting Second Amendment landscape," § 922(g)(1) remains "constitutional as applied to non-violent felons." *Id.* at 1148–49. *See also Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025) (even post-*Bruen* and *Rahimi*, "the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders").

The Second and Ninth Circuits have also held that § 922(g)(1) is not unconstitutional as applied to non-violent felons. *Zherka v. Bondi*, 140 F.4th 68, 91–93 (2d Cir. 2025); *United States v. Duarte*, 137 F.4th at 750, 762. In the absence of binding authority to the contrary, this Court finds these cases persuasive.

Moreover, even if an as-applied challenge remains viable for some categories of felons, *Gay*, 98 F.4th 843, the record in this case demonstrates that Defendant would still fall outside any such category.[7] Here, Atkinson did not plead guilty to a minor felony violation, and instead admitted to engaging in mail fraud, a serious felony offense that "reflects significant disrespect for the law" and "carries a

---

[7] In dicta, the *Gay* court suggested that, even if convicted felons *could* assert a non-frivolous as-applied challenge, any such challenge mounted by Gay would fail because he was, by no means, a "law-abiding, responsible citizen" given the nature of his criminal history. 98 F.4th 843.

maximum penalty of twenty years in prison and a $250,000 fine." *Kanter*, 919 F.3d at 440, 450. Atkinson does not dispute the gravity of his felony conviction; instead, he argues that the timing and nature of his crime (ostensibly non-violent), the nature of his punishment (non-custodial), and his stellar track record since his punishment concluded all merit revisiting the question of whether he should remain subject to § 922(g)(1)'s blanket prohibition on firearm possession. The record, however, undermines this claim and absent specific guidance from the Supreme Court or the Seventh Circuit requiring a detailed, case-by-case analysis of individual felons' character, propensity for violence, rehabilitation, etc., the Court need not address the issue further.[8]

### IV. Conclusion

Having considered Atkinson's claims anew under the framework set forth in *Bruen* and its progeny, the Court finds that Atkinson's facial and as-applied challenges to § 922(g)(1) fail as a matter of law. As a result, the Court grants Defendants' motion to dismiss [40] and dismisses this case with prejudice.

Dated: February 6, 2026

Entered:

John Robert Blakey
United States District Judge

---

[8] In making his as-applied challenge, Atkinson emphasizes that his felony conviction did not result in a custodial sentence. But that argument ignores the plain language of the statute. *See* 18 U.S.C. § 922(g) (providing "It shall be unlawful for any person--(1) who has been convicted in any court of, a crime *punishable by* imprisonment for a term exceeding one year . . .," not *punished by*) (emphasis added). It also ignores binding precedent. *See Hatfield v. Barr*, 925 F.3d 950, 952 (7th Cir. 2019) (holding that "§ 922(g)(1) may be applied to a felon convicted of fraud, whose maximum sentence exceeded a year, even if the actual punishment was less.").